# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JOHN BROWN and BARBARA BROWN,

    Plaintiffs,

v.

                                              Case No. 15-9587-JTM

K&L TANK TRUCK SERVICE, INC.,
ALFONSO MARTINEZ, and TOM HERRELL,

    Defendants.

## MEMORANDUM AND ORDER

This matter is before the court on plaintiffs John and Barbara Brown's Motion to Exclude Certain Opinion Testimony of Charles H. Claar, Jr. pursuant to Federal Rule of Evidence 702 (Dkt. 99). Plaintiffs argue that Mr. Claar is not qualified to give certain opinions and further that his testimony does not comport with the legal requirements of an expert witness. For the reasons stated below, plaintiffs' motion is granted in part, and denied in part without prejudice.

    **I.**    **Factual Background**

Mr. Claar received his Bachelor of Science with a concentration in accounting from Kansas State University in 1974. Mr. Claar has no other degrees, but he is a Certified Public Accountant ("CPA") with the accounting firm Lewis, Hooper & Dick in Garden City, Kansas. Mr. Claar has provided accounting services to defendant K&L Tank Truck Service, Inc. ("K&L") for decades.

Defendants filed a Disclosure of Expert Witness for Mr. Claar on December 28, 2016, stating Mr. Claar saw K&L's "financial information monthly from the late 1970s to the present, he made certain accounting adjustments and prepared monthly financial repo[rt] compilations, he prepared K&L's tax returns, and he consulted with the management of K&L regularly." (Dkt. 100-2, at 2). Mr. Claar is also identified as a fact witness for defendants based on his participation in some of the underlying events relevant to this case. Defendants did not retain Mr. Claar as an expert in this case, however, several of his opinions related to relevant facts and issues were developed during his work as K&L's CPA.

## II. Legal Standards

District courts are to perform a "gatekeeping" role concerning the admission of expert testimony. *See generally Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589–93 (1993); *Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 969 (10th Cir. 2001). The admissibility of expert testimony is governed by Fed. R. Evid. 702, which states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

The court performs a two-part analysis when determining whether an expert's opinions are admissible. *Marten Transp., Ltd. v. Plattform Advert., Inc.*, 184 F. Supp. 3d 1006, 1009 (D. Kan. 2016). First, the court considers whether the witness is qualified by "knowledge, skill, experience, training, or education" to render the opinions; and second, the court must determine whether the witness's opinions are "reliable" under the principles set forth in *Daubert* and *Kumho Tire Co. Ltd. v. Carmichael*, 526 U.S. 137, 147–48 (1999). "The rejection of expert testimony is the exception rather than the rule." *Marten Transp.*, 184 F. Supp. 3d at 1009 (citing Fed. R. Evid. 702 advisory committee notes).

### III. Discussion

Defendants' motion for summary judgment was granted as to plaintiffs' claims of fraud, age discrimination, whistleblower retaliation, and failure to pay wages under the Kansas Wage Payment Act. Thus, defendants concede and the court agrees that Mr. Claar's testimony on those matters—both fact and expert—is no longer relevant. In the event that Mr. Claar's testimony on these matters becomes relevant at trial, the parties may renew their arguments limited to the evidence introduced at trial.

Defendants also agree that Mr. Claar's expert testimony does not involve scientific knowledge. Instead, it involves technical and/or other specialized knowledge based on his training as a CPA and his experience in practicing public accounting. It is undisputed that Mr. Claar is a CPA, and to the extent that Mr. Claar lacks personal knowledge about the events relevant to plaintiffs' claims, he may provide expert

testimony based upon his specialized knowledge and experience as a CPA.[1]  However, Mr. Claar may not provide expert opinions and/or testimony regarding the credibility of defendants and other witnesses or "articulate[] the ultimate principles of law governing the deliberations of the jury."  *See Specht v. Jensen*, 853 F.2d 805, 808 (10th Cir. 1988).

IT IS THEREFORE ORDERED this 24th day of October, 2017, that plaintiffs' Motion to Exclude Certain Opinion Testimony of Charles H. Claar, Jr. (Dkt. 99) motion is granted in part, and denied in part without prejudice.

 s/ J. Thomas Marten  
J. Thomas Marten, Judge

---

[1] Defendants state that many aspects of Mr. Claar's deposition testimony are fact witness testimony, however, several aspects of Mr. Claar's testimony are arguably based, at least in part, on his specialized training as a CPA and practice as public accountant.  Defendants designated and disclosed Mr. Claar as a possible expert witness to cover both bases for admission of his testimony at trial—admissible fact testimony or admissible expert testimony.

.