# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JOHN BROWN and BARBARA BROWN,

 Plaintiffs,

v.

                 Case No. 15-9587-JTM

K&L TANK TRUCK SERVICE, INC.,
ALFONSO MARTINEZ, and TOM HERRELL,

 Defendants.

## MEMORANDUM AND ORDER

This matter is before the court on defendants' motions to amend the pretrial order (Dkt. 106) and for rulings on certain issues of law (Dkt. 108). Plaintiffs filed a motion in limine (Dkt. 110) in anticipation of the upcoming trial. For the reasons stated below, defendants' motions are denied. Plaintiffs' motion is granted in part, denied in part without prejudice, and taken under advisement until trial.

**I. Defendants' Motion to Amend the Pretrial Order**

The pretrial order was entered on March 7, 2017. On March 30, 2017, the Board of Directors of K & L Tank Truck Service, Inc. ("K & L") met and passed a resolution declaring any contract—if it should be determined that such a contract existed—with plaintiff John Brown for lifetime employment to be void.

Defendants argue that in Kansas, "a contract between a corporation's director and the corporation is voidable at the instance of the corporation or the stockholders if

not properly approved or ratified by the corporation." (Dkt. 107, at 2). Defendants move to add this alternative defense to the pretrial order.

"The court may modify the order issued after a final pretrial conference only to prevent manifest injustice." Fed. R. Civ. P. 16(e). Defendants bear the burden to demonstrate manifest injustice. *Smith v. Bd. of Cty. Comm'rs of Cty. of Lyon*, 216 F. Supp. 2d 1209, 1218 (D. Kan. 2002).

Defendants filed their motion to amend on November 1, 2017. The parties' trial is scheduled to begin on November 28, 2017. Defendants could have filed this motion earlier and therefore, fails to show manifest injustice under these circumstances. Furthermore, plaintiffs will be prejudiced if defendants are allowed to add an alternative defense this late in the case. Defendants' motion is denied.

**II.     Defendants' Motion for Rulings on Undecided Issues of Law**

Defendants request the court to rule on undecided issues of law. Plaintiffs oppose defendants' request and argue defendants are attempting to file a second motion for summary judgment.

Defendants' motion essentially asks for reconsideration of Judge Lungstrum's rulings made in his Memorandum and Order (Dkt. 98). Judge Lungstrum granted summary judgment on several claims; but held that summary judgment was not proper as to whether defendant Alfonso Martinez had actual authority to bind K & L to a contract for lifetime employment. Judge Lungstrum declined to grant summary judgment on plaintiffs' claim of apparent authority because defendants failed to raise it in their opening brief. Furthermore, Judge Lungstrum did not rule on the issue of

ratification because a jury must first resolve the issue of apparent authority. The court will not reconsider Judge Lungstrums's rulings. Plaintiffs are correct that defendants may request judgment as a matter of law under Fed. R. Civ. P. 50(a) at the close of plaintiffs' evidence. Defendants' motion is denied.

### III. Plaintiffs' Motion in Limine

Plaintiffs' motion in limine addresses 26 separate issues, and is largely generic. In many instances, plaintiffs raise general issues of law or requests that defense counsel be directed to follow the federal rules of civil procedure and evidence.

"The purpose of an in limine motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Altman v. New Rochelle Pub. Sch. Dist.*, No. 13 CIV. 3253 (NSR), 2017 WL 66326, at *5 (S.D.N.Y. Jan. 6, 2017) (quoting *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)). Courts look with disfavor on motions in limine "the gist of which is that the opposing party should be required to comply with the rules of evidence . . . without identifying specific evidence which there is reason to believe may be introduced." *Graham v. Union Pac. R. Co.*, 2008 WL 4643292, at *1 (E.D. Ark. Oct. 17, 2008). Thus, such a motion "seeking to prohibit generic, unspecified 'prejudicial' testimony [is] not useful, and is properly denied." *United States v. Enns*, No. 15-10045-JTM, 2015 WL 8770006, at *1 (D. Kan. Dec. 14, 2015).

In their motion, plaintiffs ask the court to exclude or prohibit:

(1)   testimony from any witness not timely disclosed;

(2)   evidence of any prior litigation involving plaintiffs;

(3)   reference to counsel's personal beliefs or opinions regarding the lawsuit or evidence presented at trial;

(4)   reference to plaintiffs' counsel being from Missouri or not from Wichita, Kansas;

(5)   any conversations between counsel during the trial;

(6)   reference to plaintiffs' counsel declining to agree to anything;

(7)   reference to the fact that plaintiffs retained attorneys or filed the lawsuit;

(8)   reference to any negotiations or settlement offers;

(9)   asking potential jurors during voir dire how they would rule on hypothetical questions that incorporates trial evidence;

(10)  reference about plaintiffs' use of a jury consultant or non-testifying expert;

(11)  any negative inference towards plaintiffs not calling a witness equally available to both parties or commenting on absent witnesses;

(12)  evidence which controverts or disputes admitted or stipulated facts;

(13)  reference to or disclosure of exhibits not admitted into evidence;

(14)  reference to prior motions ruled on by the court;

(15)  any suggestion that deposition testimony is less credible;

(16)  plaintiffs' wealth or financial condition;

(17)  reference to defendants' or defense witnesses' religion;

(18)  argument that an oral contract is less enforceable than a written agreement;

(19)  evidence of abandoned or dismissed pleadings,

(20)  using plaintiffs' allegations in the complaint to question witnesses or present argument;

4

(21) evidence not disclosed in discovery;

(22) evidence of defendants' honesty or good character;

(23) any argument or evidence that implicitly or directly creates a legal duty, obligation, or requirement where one does not exist;

(24) reference to or evidence of a defense not contained in the pretrial order;

(25) the Kansas Department of Labor's decision (the "KDOL decision") regarding plaintiffs' application for unemployment benefits; and

(26) plaintiff's collateral source income.

Defendants do not oppose Nos. 2, 4–6, 9, 10, 14, 15, and 18.  Similarly, barring evidence that is unexpected or testimony that opens the door for impeachment, defendants do not oppose Nos. 19–21.  The court accordingly grants plaintiffs' motion as to these issues, subject to defendants' limitations relevant to Nos. 19–21.

Defendants do not oppose No. 1, with qualification.  Harry Najim and Monte Vines are potential witnesses on limited matters, however, it is unlikely they will be called.  Plaintiffs have no objection to Messrs. Najim and Vines because they have been disclosed.

Defendants do not oppose Nos. 3 and 7, except defense counsel plans to analyze the evidence and argue to the jury that the evidence does not support plaintiffs' claims. Similarly, defendants plan to offer evidence and argue that plaintiffs' claims are invalid. The court finds that such argument is proper, and plaintiffs' motion is granted subject to these limitations.

With respect to No. 8, defendants only plan to offer Plaintiff John Brown's February 26, 2014, demand letter. Defendants cite *Burnison v. Mem'l Hosp., Inc.*, 820 F. Supp. 549, 552 (D. Kan. 1993), which admitted a demand letter as an admission of a party's agent under Fed. R. Evid. 801(d)(2)(D). In doing so, the court noted that there were no settlement negotiations contained in the letter.

Defendants argue that plaintiffs' letter does not offer to compromise, but simply asserts plaintiffs' claims. The court questions whether it is necessary to introduce the demand letter to accomplish this task. Unlike *Burnison*, defendants seek to admit the demand letter to assert plaintiffs' claims. Without more, the letter will stay out. However, the court will wait on ruling on this issue until trial.

With respect to No. 11, plaintiffs argue that defendants should be prohibited from creating a negative inference regarding plaintiffs not calling a witness who is equally available to both parties. Plaintiffs have not identified a specific witness or applicable scenario, and the court agrees that it is difficult to rule on this matter without context. Therefore, plaintiffs' motion is denied without prejudice.

In considering plaintiffs' No. 12, the parties are not allowed to present argument or evidence that would be contrary to facts deemed admitted by the court or stipulated to by the parties. However, the parties will be allowed to present evidence in support of their legal claims and disputed factual contentions. The court will review objections at trial.

In No. 13, plaintiffs move to exclude evidence that is ordered inadmissible or has not been admitted. If the court orders that a document, witness, or portion thereof be

excluded from evidence, then defense counsel does not plan to refer to it in closing arguments. To the extent that plaintiffs seek to exclude evidence beyond what is deemed inadmissible, the parties are expected to follow Fed. R. Evid. 401 and 403.

Defendants do not oppose plaintiffs' No. 16, and do not plan on introducing evidence of plaintiffs' financial condition to demonstrate plaintiffs received enough money from K & L or do not need money. However, defendants argue that plaintiffs assisted K & L in getting a loan in 2004 through 2005. Defendants also plan to introduce evidence of the parties' relationships, which involve defendant Tom Herrell renting property from and vacationing with plaintiffs. To the extent that such evidence is relevant to defendants' claims and defenses, it will be allowed.

In No. 17, plaintiffs move to exclude reference to defendants' and defense witnesses' religion, prayers, or that they attend church. Evidence of a witness's religious beliefs or opinions is inadmissible to attack or support that witness's credibility. Fed. R. Evid. 610. Defendants, however, argue that Mr. Martinez's deposition testimony references four separate events in which he stated he would pray for plaintiffs, prayed for a new president of K & L when it was struggling, and mentioned that he was on his way home from church when he learned about a particular event.

The court expects the parties to comply with the federal rules, and general references to a witness's religious beliefs or conduct are inadmissible. Mr. Martinez's statements about prayer and his church attendance may not be used to bolster his credibility. However, to the extent relevant, the court will allow reference to Mr.

7

Martinez's statements if they provide context to his testimony or support defendants' defense.

The parties dispute whether evidence of truthful character is admissible with respect to Messrs. Martinez and Herrell, No. 22. Plaintiffs contend that evidence of truthfulness or honesty are not admissible to prove that on a particular occasion, the person acted in accordance with the character or trait. *See* Fed. R. Evid. 404. Defendants argue that this case centers on the parties' credibility and Messrs. Martinez's and Herrell's truthfulness are at issue.

The federal rules of evidence generally prohibit the introduction of character evidence "to prove that on a particular occasion the person acted in accordance with the [asserted] character or trait" demonstrated by such evidence—i.e. to prove someone lied when alleging an employment contract for life, or vice versa, because that individual lied in the past. Fed. R. Evid. 404(a)(1). Nevertheless, "[e]vidence of a witness's character may be admitted under Rules 607, 608, and 609" for impeachment purposes. Fed. R. Evid. 404(a)(3). Additionally, such evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

As applicable here, "[a] witness's credibility may be attacked . . . by testimony about the witness's reputation for having a character for . . . untruthfulness[.]" Fed. R. Evid. 608(a) (rebuttal evidence of a "truthful character is admissible only after the witness's character for truthfulness has been attacked"). "[E]xtrinsic evidence is

[generally] not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." Fed. R. Evid. 608(b).

The court understands the parties' arguments and further recognizes that the parties' credibility is essential to their case. Therefore, such evidence may be necessary for impeachment purposes. The court reserves ruling on this issue and will address specific objections, if any, as they become relevant at trial.

The court agrees with plaintiffs in No. 23—defendants may not admit irrelevant evidence or comment on inapplicable law. However, the court will not limit defendants from arguing their case. Defendants may present evidence in support of their defense in compliance with the federal rules and applicable case law. Therefore, No. 23 is denied without prejudice. Plaintiffs may lodge specific objections as they relate to the evidence and legal theories presented at trial.

Defendants do not intend to argue any defenses not set out in the pretrial order. As noted above, defendants' motion to amend the pretrial order is denied. Therefore, plaintiffs' No. 24 is granted.

In No. 25, plaintiffs argue the KDOL decision should be excluded under Fed. R. Evid. 403 because the jury will give its conclusions undue deference. Defendants argue that it should be admissible because they want to offset any potential damages by the amount of unemployment compensation benefits awarded to plaintiffs. The court finds that defendants can introduce the amount of unemployment compensation paid to plaintiffs following their termination, but the rest of the KDOL decision is inadmissible.

9

Similarly, defendants do not oppose No. 26. However, defendants argue that unemployment compensation benefits are not considered collateral source income because they reduce the amount of damages recoverable from a breach of an employment contract. Such evidence is proper. *See Masterson v. Boliden-Allis, Inc.*, 19 Kan. App. 2d 23, 26, 865 P.2d 1031, 1035 (1993) ("In the case of unemployment compensation, defendant, not the plaintiff, contributed to the unemployment fund sought to be used as a setoff."). To the extent plaintiffs seek to exclude unemployment benefits, plaintiffs' No. 26 is denied; but other evidence of collateral source income is inadmissible.

IT IS THEREFORE ORDERED this 15th day of November, 2017, that defendants' motions to amend the pretrial order (Dkt. 106) and for rulings on certain issues of law (Dkt. 108) are denied.

IT IS FURTHER ORDERED that plaintiffs motion in limine (Dkt. 110) is granted in part, denied in part without prejudice, and taken under advisement until trial.

    s/ J. Thomas Marten
    J. Thomas Marten, Judge