IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHN BROWN and BARBARA BROWN,

   Plaintiffs,

v().

                 Case No. 15-9587-JTM

K&L TANK TRUCK SERVICE, INC.,
ALFONSO MARTINEZ, and TOM HERRELL,

   Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on the parties' objections to the admission of certain exhibits at trial. Defendants object to plaintiffs' Exhibit 126, "Response to EEOC Charge." (Dkt. 144). Plaintiffs object to defendants' Exhibits 35, 46, 48, 49, 57, and 59 (Dkt. 145).

  **I.**  **Exhibit 126**

Defendants argue that Exhibit 126 is relevant to claims that were terminated on summary judgment—discrimination, retaliation, and Kansas Wage Act payments—and are to be excluded pursuant to this court's in limine order (Dkt. 131). Plaintiffs plan to redact portions of Exhibit 126, but defendants argue that extensive redaction would remove all references to these claims and the context of the statements in this document.

Plaintiffs respond that they plan to use the EEOC response for impeachment as an admission by defendants' authorized agent. The EEOC response may also be used

to refresh a witness's recollection. Therefore, the court will wait to rule on defendants' objection until trial.

## II.   Exhibit 35

Exhibit 35 contains Minutes of the Annual Meeting of the Stockholders and Directors of K&L Tank Truck Service, Inc. ("K&L") from November 29, 2016. Plaintiffs argue that the 2016 Minutes are irrelevant to the remaining claims because the breaches in question occurred in 2013. The 2016 Minutes have no relationship to any of the issues in this lawsuit.

Defendant counters that the 2016 Minutes are relevant to the issues of damages and whether there was a contract for lifetime employment. Defendants explain that K&L had a worse financial year in 2016 compared to 2013–2015, and therefore lowers plaintiffs' loss.

The court agrees that K&L's 2016 stockholder bonuses are relevant to the issue of damages and will be admitted for that purpose. The court disagrees, however, that it is relevant to the issue of whether Martinez and Mr. Brown agreed to a contract for lifetime employment. Defendants have not demonstrated that K&L's 2016 financial stability was known to Martinez and Brown at the time the alleged contract was entered into, and the benefit of hindsight is irrelevant to this issue.

## III.   Exhibit 46

From time to time, the shareholders of K&L would loan their stockholder bonuses to K&L to ensure that the company would have sufficient funds to pay expenses. The shareholders would receive 7.5% interest on their loans. Exhibit 46 is a

report of the shareholders' bonuses and notes to the company. Defendants state that the stockholder bonus in 2013 was lower than usual because K&L's future looked bleak. Defendants argue that it was less likely the shareholders would loan K&L money because repayment was questionable.

The parties agree that K&L's loan structure is not an issue for the jury, however, they disagree on whether the shareholders' loan structure is relevant and whether it will be helpful to the jury. The court finds that background information regarding K&L's 2013 bonuses and future success could be relevant to the parties' dealings and potential damages. But defendants may also be able to present such evidence without use of Exhibit B (Dkt. 145-2)—which absent supporting testimony, Exhibit B appears somewhat confusing and irrelevant. Therefore, the court will wait on ruling on this issue until trial.

## IV. Exhibits 48 and 49

Exhibits 48 and 49, relate to defendants' reasons for terminating plaintiffs' employment. Plaintiffs argue that defendants' exhibits are relevant to plaintiffs' claim of fraud, which is no longer part of this case. Defendants respond that these exhibits are relevant to understand what happened in 2013 that led to plaintiffs' termination as consultants and to the resolution of all issues that occurred on November 25, 2013—such as the buyout of Mr. Brown's K & L stock by Martinez and Herrell and defendants' claim that Mr. Brown waived his right to receive 20% of the 2013 stockholder bonus.

The court finds that Exhibits 48 and 49 are relevant to defendants' claims and will be admitted.

V.  **Exhibit 57**

Exhibit 57 is the February 2014 demand letter that the court previously ruled inadmissible. Defendants now argue that the letter contains an admission by Mr. Brown. Specifically, that he knew one purpose for end-of-year stockholder bonuses was to reduce the corporation's profit to avoid corporate income taxes. Mr. Brown knew the bonuses had to be paid by November 30, 2013, or else K&L would have to pay corporate income taxes on that money. Defendants contend that Mr. Brown's conduct in asking about his bonus check for the first time nearly three months after the end of K&L's fiscal year on November 30, 2013, suggests that Mr. Brown understood he had waived his right to receive a stockholder bonus for 2013. Defendants further claim that the letter contains false assertions of fact made by Mr. Brown and is relevant to judging Mr. Brown's good faith in his claims.

As noted before, the 2014 demand letter is inadmissible for asserting plaintiffs' claims and/or to show an offer. The court, however, recognizes that defendants have asserted additional reasons for admitting the letter, which may be relevant to their claim of waiver and Mr. Brown's credibility. The parties may examine Mr. Brown about the reasons why he waited three months to contact defendants regarding the 2013 bonus. Exhibit 57 may be relevant for this purpose and the court will rule on its admissibility at trial.

VI.  **Exhibit 59**

Exhibit 59 is a document that Mr. Brown drafted in response to settlement correspondence between plaintiffs' counsel and defendants' counsel. Plaintiffs argue

4

that the letter contains personal opinions of counsel and contains offers to compromise. Defendants contend that Mr. Brown's admission, "Tom [Herrell] was not privileged to any agreement or understanding between Alfonso and myself[ ,]" is relevant. First, it shows there was no such agreement. Second, it shows K&L's board of directors were not aware of the contract for lifetime employment and goes to the issue of ratification.

It appears that defendants want to use Exhibit 59 for impeachment purposes. In the event that certain statements are relevant to impeach Mr. Brown, then those portions may be used at trial. However, at this time, Exhibit 59 in its entirety is inadmissible.

IT IS THEREFORE ORDERED this 29th day of November, 2017, that defendants' objection to plaintiffs' Exhibit 126 (Dkt. 144) is taken under advisement until trial.

IT IS FURTHER ORDERED that plaintiffs' objections to defendants' Exhibits 35, 46, 48, 49, 57, and 59 (Dkt. 145) is granted in part, denied in part without prejudice, and taken under advisement until trial.

 s/ J. Thomas Marten   
J. Thomas Marten, Judge
