IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHN BROWN and BARBARA BROWN,

    Plaintiffs,

v.

                                       Case No. 15-9587-JTM

K&L TANK TRUCK SERVICE, INC.,
ALFONSO MARTINEZ, and TOM HERRELL,

    Defendants.

**MEMORANDUM AND ORDER**

The court held a trial in this case beginning on November 28, 2017. Defendants moved for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a) after the close of plaintiffs' case-in-chief on December 13, 2017. The court took the motion under advisement. On December 14, 2017, the court granted the motion with respect to plaintiffs' unjust enrichment claim, but denied it as to plaintiffs' breach of contract claims against defendant K & L Tank Truck Service, Inc. ("K & L").[1]

At the close of defendants' evidence, plaintiffs move for judgment as a matter of law on defendants' defense that plaintiffs released defendants of their obligation to pay John Brown his 2013 shareholder bonus. The court denied plaintiffs' motion on December 14, 2017.

---

[1] Defendants limited their motion to two claims: unjust enrichment and breach of contract for lifetime employment and health insurance against K & L. Defendants did not move for judgment as a matter of law on plaintiffs' breach of contract claim for lifetime employment and health insurance against Martinez individually.

The court ruled on both motions in open court, and files this memorandum and order to explain its rulings.

## I. Legal Standard—Judgment as Matter of Law

The Federal Rules of Civil Procedure state:

> If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may
>
> (A) resolve the issue against the party; and
>
> (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

Fed. R. Civ. P. 50(a)(1)(A)–(B).  Judgment as a matter of law is appropriate when the evidence "conclusively favors one party such that reasonable [people] could not arrive at a contrary verdict."  *Weese v. Schuckman*, 98 F.3d 542, 547 (10th Cir. 1996) (quoting *W. Plains Serv. Corp. v. Ponderosa Dev. Corp.*, 769 F.2d 654, 656 (10th Cir. 1985)).

## II. Defendants' Motion

*Breach of Contract*

Defendants argue that plaintiffs presented insufficient evidence such that a reasonable jury could find the president of K & L, defendant Alfonso Martinez, had the inherent or implied authority to bind K & L to a contract for lifetime employment and health insurance.  Defendants state that the interpretation of K & L's bylaws is a matter for the court to decide.  Defendants note that a contract for lifetime employment is considered an extraordinary contract under Kansas law and not within a president's inherent authority.

Defendants also claim that there was no evidence of apparent authority because John Brown was a director of K & L and had knowledge of its bylaws and the president's authority. Defendants contend that John Brown could not reasonably believe the president could bind K & L to such a contract. Similarly, there was no evidence of ratification of an unauthorized act because ratification would be by K & L's entire board of directors—not an individual member or two of the board.

Plaintiffs respond that there was sufficient evidence to allow the jury to decide this claim. Plaintiffs state that the bylaws authorize the president to sign and execute contracts. Additionally, the parties' agreement was not only for lifetime employment, but also for John Brown's personal guarantee for securing the bank loan to purchase K & L from the ESOP. Plaintiffs further argue that K & L's president had authority to save the company from all of its employees quitting as a result of not getting their money out of the ESOP.

The court agrees with plaintiffs' position and denies defendants' motion with respect to the breach of contract claim. The bylaws of K & L allow the president to, among other things, "appoint agents," "sign and execute all contracts and instruments of conveyance in the name of the corporation," and transfer property. Additionally, the president "shall perform all duties usually incident to the office of President." The jury can evaluate the bylaws in accordance with the jury instructions and determine whether the president had the ability to bind K & L to a contract for lifetime employment and health insurance. Furthermore, a jury could determine that plaintiffs' acts of stepping in, agreeing to be responsible for K & L's financial wellbeing, and guaranteeing the

3

bank loan is sufficient to support a contract for lifetime employment and health insurance. Therefore, defendants' motion as it relates to plaintiffs' breach of contract claims is denied.

*Unjust Enrichment*

"Under Kansas law, the elements of an unjust enrichment claim are (1) plaintiff conferred a benefit on defendant; (2) defendant knew and received a benefit; and (3) defendant retained the benefit under circumstances that make it unjust." *Spires v. Hosp. Corp. of Am.*, 289 F. App'x 269, 272–73 (10th Cir. 2008) (citing *Haz-Mat Response, Inc. v. Certified Waste Servs. Ltd.*, 259 Kan. 166, 910 P.2d 839, 847 (1996)).

Defendants argue that they are entitled to judgment as a matter of law on plaintiffs' claim of unjust enrichment because they did not receive a benefit that was unfair under the circumstances. K & L paid out $257,000 of its cash reserve and took on $500,000 in debt to the bank. Martinez personally loaned $116,000. Herrell personally loaned $34,000. Martinez, Herrell, and John Brown each guaranteed 1/3 of the bank loan to purchase the company back from the ESOP. K & L paid the loan off over the next five years, and John Brown's contributions were not unfair under the circumstances. Moreover, K & L's value had been diminished because of the debt it had incurred from this transaction.

Plaintiffs counter that K & L would not have been able to secure the bank loan without the Browns' personal guarantee. Because of plaintiffs' involvement, K & L continued to exist and profited both Martinez and Herrell. Plaintiffs contend that their actions allowed Martinez to become the majority shareholder and Herrell to become a

4

shareholder. Plaintiffs state that defendants will continue to profit from plaintiffs' efforts in the future.

The court finds that K & L did not unfairly receive a benefit as a result of any conversations between plaintiffs and defendants. Nor did it receive an unfair benefit based upon plaintiffs' involvement in obtaining the bank loan. Martinez, Herrell, and John Brown each personally contributed a portion to the buyout of K & L from the ESOP. And Martinez, Herrell, and John Brown each agreed to be liable for 1/3 of the loan. Martinez and Herrell did not retain a benefit that was unjust and plaintiffs' claim fails as a matter of law.

### III.   Plaintiffs' Motion

Plaintiffs move for judgment as a matter of law on defendants' claim that John Brown made a release of defendants' obligation to pay the 2013 shareholder bonus. Plaintiffs argue that Herrell testified there was no release. Additionally, plaintiffs claim that there was no consideration for the release or meeting of the minds amongst the parties.

Plaintiffs' motion is denied. The court finds that there is enough evidence in the record to allow the jury to decide the defense of release.

IT IS THEREFORE ORDERED this 21st day of December, 2017, that defendants' oral motion for judgment as a matter of law is denied as to plaintiffs' breach of contract claims against K & L. However, defendants' motion is granted as to plaintiffs' unjust enrichment claim.

IT IS FURTHER ORDERED that plaintiffs' oral motion for judgment as a matter of law on defendants' defense of release is denied.

 s/ J. Thomas Marten  
J. Thomas Marten, Judge